**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TION ALONZO HILL, Sr.,

          Plaintiff-Appellant,

    v.

JOSHUA ARNOLD, Deputy, and
VICTOR SANCHEZ, Sergeant,

          Defendants-Appellees.

No. 15-16468

D.C. No. 3:09-cv-05434-TEH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, District Judge, Presiding

Submitted April 19, 2017[**]
San Francisco, California

Before: THOMAS, Chief Judge, and FERNANDEZ and MURGUIA, Circuit
Judges.

On July 13, 2009, a fight broke out between inmates at San Francisco

County Jail #5. Standing nearby, but not directly involved, was pretrial detainee

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Tion Hill. Deputy Joshua Arnold and Sergeant Victor Sanchez (collectively, "Defendants") responded to the incident, contained the situation, and ordered all the inmates back to their cells. Hill returned to his cell as instructed. Hill alleges that Defendants then entered his cell, cuffed him, and violently transported him to administrative segregation. Defendants present a different version of events, claiming that they cuffed and escorted Hill to administrative segregation without any undue violence.

Hill filed a lawsuit alleging excessive force in violation of his Fourteenth Amendment rights as a pretrial detainee. During discovery, Defendants produced two prior grievances alleging excessive force against Deputy Arnold and two prior inmate grievances alleging excessive force against Sergeant Sanchez. Before trial, Defendants filed a motion in limine to exclude evidence of these inmate grievances as improper character evidence under Federal Rule of Evidence 404.

In his opposition, Hill did not discuss the substance of these inmate grievances, nor did he attach copies of these inmate grievances for the district court to evaluate. The district court granted Defendants' motion and excluded the inmate grievances. The case then proceeded to trial where Hill and Defendants presented conflicting versions of the incident. After a five-day trial, the jury rendered a

verdict in favor of Defendants. Hill timely appeals, challenging the district court's evidentiary ruling. We affirm.

A district court's exclusion of evidence is reviewable on appeal only if "a party informs the [district] court of [the] substance by an offer of proof, unless the substance [of the evidence] was apparent from the context." Fed. R. Evid. 103(a)(2); *Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 887 (9th Cir. 1991) (stating that a party challenging exclusion of evidence "must have attempted to introduce the evidence [that] was improperly excluded to preserve the[] right to appeal").

Hill acknowledges that he failed to make an offer of proof, but he argues that his failure should be excused because the substance of the inmate grievances was sufficiently obvious from his opposition to Defendants' motion in limine. Not so. Hill's opposition did nothing more than reference the existence of inmate grievances against Defendants without providing any detail. Such a cursory description poses a problem because a court reviewing admissibility of prior acts must determine whether the prior acts are sufficiently similar to the conduct complained of in the present case. *See United States v. Ayers*, 924 F.2d 1468, 1473 (9th Cir. 1991). Without a more specific description, or an offer of proof, both the district court and this Court are left in the dark and cannot adequately assess the

admissibility of these inmate grievances. Therefore, Hill forfeited his evidentiary appeal by failing to make an offer of proof.

**AFFIRMED.**